J-S16020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEFFERY WILLIAMS | : | |
| | : | |
| Appellant | : | No. 2039 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 6, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0001345-2021

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY LANE, J.:                **FILED MAY 14, 2024**

Jeffery Williams ("Williams") appeals from the judgment of sentence imposed following his convictions for firearm offenses.[1]  We remand for a supplemental Pa.R.A.P. 1925(a) opinion.

The certified record in this matter reflects the following.  On March 6, 2023, the trial court imposed its judgment of sentence upon Williams.  On March 8, 2023, Williams filed a timely-post-sentence motion along with a separate application to file a supplemental post-sentence motion upon the receipt of notes of testimony.  On March 10, 2023, the trial court entered an "Order Denying Petitioner's Application For Leave To File Supplemental Post-Sentence Motion."  The text of the written order stated, "And Now, this 9th

---

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 6105, 6106.

day of March, 2023, it is hereby Ordered that Petitioner's Application for Leave to File a Supplemental Post-Sentence Motion within ten (10) days after receipt of all of the notes of testimony, is GRANTED." Order, 3/10/23. The text was crossed out by a handwritten line with a handwritten note, "Denied." *Id*. The March 10, 2023 order did not mention or address the March 8, 2023 post-sentence motion.

On March 13, 2023, Williams filed a second timely post-sentence motion. No order addressing either the March 8, 2023 post-sentence motion or the March 13, 2023 post-sentence motion appears on the docket until July 10, 2023, whereupon an entry was made indicating, "Order Petitioner's Post-Sentence Motion Is Denied By Operation Of Law Pursuant To Pa.R.C.P.720(B)(3)-(c)." On August 3, 2023, Williams filed a timely notice of appeal from the denial of his post-sentence motions.[2]

In its Rule 1925(a) opinion, the trial court indicated its belief that the post-sentence motions filed on March 8, 2023, and March 13, 2023, were both denied by virtue of its March 10, 2023 order denying the application to file a

---

[2] Pursuant to our appellate rules, "no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). Moreover, our appellate rules additionally require that "Every order shall be set forth on a separate document." Pa.R.A.P. 301(b). Here, no order denying either post-sentence motion was entered on the docket until July 10, 2023. Accordingly, the thirty-day appeal period did not begin to run until that date. *See* Pa.R.A.P. 903(a) (providing that the notice of appeal shall be filed within 30 days after the entry of the order from which the appeal is taken). Thus, the notice of appeal filed on August 3, 2023, was timely filed.

supplemental post-sentence motion upon the receipt of notes of testimony,[3] and that the appeal was therefore untimely. On this basis, the trial court declined to address the merits of the issues raised by Williams in his Rule 1925(b) concise statement.

Having determined that the appeal was timely filed within thirty days from the July 10, 2023 docket entry denying the post-sentence motions by operation of law, we remand for the trial court to prepare a supplemental Rule 1925(a) opinion addressing the merits of the issues raised by Williams in his Rule 1925(b) concise statement within twenty-one days of this order.

Case remanded. Jurisdiction retained.

_____

[3] In support, the trial court references an email exchange between court staff and defense counsel. However, an email from court staff suggesting that an order addressing one motion should be considered by the defendant as dispositive of two other motions (including one filed after said order) does not constitute an order of court, *see* Pa.R.A.P. 301(a)(1), nor does it satisfy the requirements of Pa.R.A.P. 301(b).